IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD ONTIVEROS,

    Petitioner,               No. CIV S 07-2456 GEB KJM P

    vs.

R.J. SUBIA, Warden,          FINDINGS & RECOMMENDATIONS

    Respondent.

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the conduct of a prison disciplinary hearing. Respondent has filed a motion to dismiss, arguing that petitioner has failed to exhaust state remedies.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). If the petitioner has presented the claims in a procedural posture that prevents the state courts from

/////

1

considering the merits of the claims, the exhaustion requirement may not have been met. Castille v. Peoples, 489 U.S. 346, 351 (1989).

Petitioner challenged the disciplinary proceedings on several levels. First, he filed an administrative grievance and pursued it through the second level of review. Petition (Pet.) at 19-22.[1] He then filed state habeas petitions in Amador County Superior Court, the Court of Appeal, and the California Supreme Court. The Supreme Court denied the petition in a single sentence, followed by a citation to In Re Dexter, 25 Cal.3d 921 (1979). Pet. at 15-18.

Respondent offers the following argument germane to the issue before the court:

> Because the California Supreme Court did not reach the merits of Ontiveros's petition, as reflected by that court's citation to *Dexter*, Ontiveros's claim was not "fairly presented" and, is barred from federal review.

Motion to Dismiss (MTD) at 4. Counsel for respondent does not discuss the significance of the citation to Dexter, including whether the California court's citation was misplaced. Nevertheless, this court ultimately cannot reach the issues presented in this habeas petition.

A court's citation to In Re Dexter, 25 Cal.3d at 925 means that the petitioner has failed to exhaust his administrative remedies and thus "will not be afforded judicial relief. . . . ." In this case, however, petitioner pursued his administrative remedies through the second level of review; the denial of the appeal concluded, "This response constitutes final action of this appeal per 3084.7(b)(1)." Pet. at 22. The cited section of the administrative code provides:

> A second level review shall constitute the department's final action on appeals of disciplinary actions classified as "administrative" pursuant to section 3314; and Custodial Counseling Chronos, CDC Form 128-A . . ., documenting minor disciplinary infractions pursuant to section 3312(b).

15 Cal. Code Regs. § 3084.7(b)(1). Although petitioner had been charged with a serious rules violation, the hearing officer dismissed the charge and "document[ed] the situation as a CDC-

---

[1] The court refers to the page numbers assigned by its CM/ECF system.

1  128A." Pet. at 29.  Because the matter had been thus reduced, petitioner had exhausted his
2  administrative remedies when he received the second level decision.  The California Supreme
3  Court thus appears to have erred in its implicit finding that petitioner's pursuit of administrative
4  remedies had not been completed.
5              However, because the violation was reduced to a counseling chrono, this court
6  lacks jurisdiction over the petition.  "For a federal court to have jurisdiction over a habeas
7  petition filed by a state prisoner, the petitioner must be 'in custody.'"  Zichko v. Idaho, 247 F.3d
8  1015, 1019 (9th Cir. 2001).  Although petitioner is "in custody" as a result of his underlying
9  conviction, he does not challenge that conviction.  Instead, his challenge is to a disciplinary
10 hearing, which ultimately did not result in the loss of conduct credit and thus had no impact on
11 his overall sentence.  See 15 Cal. Code Regs. §§ 3314(e)(1) & (f), 3326(c).  As the Ninth Circuit
12 has observed, "habeas jurisdiction is absent . . . where a successful challenge to a prison
13 condition will not necessarily shorten the prisoner's sentence."  Ramirez v. Galaza, 334 F.3d 850,
14 859 (9th Cir. 2003).  Accordingly, a challenge to the issuance of a counseling chrono, a 128-A, is
15 not cognizable in a habeas proceeding.  See also Anaya v. Superior Court, 2007 WL 1054270 at
16 2 (E.D. Cal. 2007).
17             IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (docket
18 no. 8) be denied and that the writ be dismissed.
19             These findings and recommendations are submitted to the United States District
20 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
21 days after being served with these findings and recommendations, any party may file written
22 objections with the court and serve a copy on all parties.  Such a document should be captioned
23 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
24 /////
25 /////
26 /////

3

1 shall be served and filed within ten days after service of the objections.  The parties are advised
2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 DATED: February 6, 2009.

                                    U.S. MAGISTRATE JUDGE

26 2/onti2456.157